IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TROY K. SCHEFFLER,

                                                                                                 ORDER

                            Petitioner,

                                                                                           08-cv-607-bbc

     v.

CITY OF MENOMONIE,

                          Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This is a proposed civil action for injunctive and monetary relief. Petitioner Troy K. Scheffler, a resident of Coon Rapids, Minnesota, seeks leave to proceed without prepayment of fees and costs or providing security for such fees and costs, pursuant to 28 U.S.C. § 1915. From the affidavit of indigency accompanying petitioner's proposed complaint, I conclude that petitioner is unable to prepay the fees and costs of instituting this lawsuit.

      In addressing any pro se litigant's complaint, the court must construe the complaint liberally, Haines v. Kerner, 404 U.S. 519, 521 (1972). However, pursuant to 28 U.S.C. § 1915(e)(2), if a litigant is requesting leave to proceed in forma pauperis, the court must deny leave to proceed if the action is frivolous or malicious, fails to state a claim upon which relief may be granted or seeks money damages from a defendant who is immune from such relief.

1

In his complaint petitioner alleges the following facts.

ALLEGATIONS OF FACT

On June 5, 2008, petitioner called 911 in the city of Menomonie because he was the victim of an unprovoked assault. Menonomie police officers Martin Folczk and Daniel Westlund tried to persuade petitioner not to press charges against Menomonie resident Rochelle Knack. When petitioner was not persuaded, the officers arrested both petitioner and Knack for disorderly conduct and booked them at the Dunn County jail. Petitioner was handcuffed but Knack was not. Petitioner was released shortly thereafter and told by Officer Folczk that if he did not leave town he would be arrested again.

As petitioner was leaving town in his vehicle, he was arrested by Officer David Pellett for operating a vehicle while intoxicated. Pellett illegally searched petitioner's vehicle and impounded it. Pellet transported petitioner to the Red Cedar Medical Center and then falsely claimed that petitioner refused a blood draw. Pellett booked petitioner in the Dunn County jail under the charge of Refusal to Test.

After checking petitioner's driving history, Pellett changed petitioner's charge to Fourth Offense Operating While Intoxicated. Pellett transported petitioner back to the medical center for a blood draw. When petitioner was returned to the jail, he had a panic attack and was seen by a jail doctor. He was then released from jail after bail was posted.

2

After he left the jail he received a voice mail from the jail stating that he should return for his citation information and testing results. Petitioner believed this was an attempt to entrap him and he did not return.

On June 20, 2008, Knack conspired with Menonomie police officer Patrick Meyer to file a false police report alleging harassment by petitioner. Petitioner learned that Knack and Meyer knew each other. On June 25, 2008, Knack filed a second false police report with Officer Kelly Rauscher. On June 26, 2008, Knack filed a petition for a restraining order against petitioner. At a July 17, 2008 injunction hearing, Knack stated she had conspired with the police in filing the harassment reports. The judge dismissed Knack's injunction petition.

On August 15, 2008, petitioner filed a formal complaint against the Menonomie Police Department, alleging that Officer Pellett falsified his police report. Police Chief Dennis Beety responded that Pellett did not do anything wrong. On August 29, 2008, petitioner was issued an amended criminal complaint.

OPINION

Petitioner brings this action pursuant to 28 U.S.C. § 1332, alleging that the matter in controversy exceeds the value of $75,000 and is between citizens of different states. However, his claims do not appear to arise under state law but under federal law. He alleges

3

as follows:

> The City of Menomonie has affronted the petitioner with a plethora of civil liberty violations including but not limited to falsifying police reports, entraptment [sic], unlawful arrest and imprisonment, conspiracy, illegal search and seizure, destroying and/or maliciously manipulating evidence, defamation, usurping due process, usurping equal protection and generally acting in fraudulent, wilful and wanton and malicious conduct.

From these allegations, I understand plaintiff to be alleging constitutional claims under 42 U.S.C. §1983.  A municipality such as respondent city of Menomonie can be liable under § 1983 only for actions taken by officials pursuant to the municipality's formal or informal policy or custom, Pembaur v. City of Cincinnati, 475 U.S. 469 (1986), Monell v. New York City Dept. of Social Services, 436 U.S. 658 (1978), because "a municipality can be liable under § 1983 only where its policies are the 'moving force [behind] the constitutional violation,'" City of Canton v. Harris, 489 U.S. 378, 389 (1989) (quoting Polk County v. Dodson, 454 U.S. 312, 326 (1981)).  This policy requirement is meant to "distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." Pembaur, 475 U.S. at 479 (emphasis in original).  Further, "[o]nly where a municipality's failure to train its employees in a relevant respect evidences a 'deliberate indifference' to the rights of its inhabitants can such a shortcoming be properly thought of as a city 'policy or custom' that is actionable under § 1983." Harris, 489 U.S. at 388.  A city cannot be sued

simply on the theory that it is liable whenever its employees are responsible for constitutional deprivations. Monell, 436 U.S. at 691.

Petitioner has not alleged that his constitutional rights were violated pursuant to respondent's formal or informal policy or custom. Moreover, petitioner does not allege facts from which it can be inferred that inadequate training led to petitioner's alleged constitutional deprivations. Petitioner's allegations of "police corruption," "obvious fabrications" and "withholding, hiding and destroying evidence" cannot be a result of a failure to train unless respondent does not provide its police officers any training, which is a conclusion I cannot infer from petitioner's allegations. Therefore, petitioner fails to state a claim under § 1983 against respondent.

To the extent that petitioner is attempting to pursue state law claims against respondent, he fails to raise any state laws respondent violated. Therefore, he has failed to state any claim against respondent city of Menomonie.

5

ORDER

IT IS ORDERED that petitioner Troy Scheffler's request for leave to proceed in forma pauperis is DENIED and this case is DISMISSED. The clerk of court is directed to close the file.

Entered this 17th day of November, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge